**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**NEILSON ENTERPRISES, INC.,**

        **Plaintiff,**

**v.**                                      **Case No:   6:19-cv-875-Orl-31GJK**

**FEDERAL INSURANCE COMPANY,**

        **Defendant.**

_____

**ORDER**

This Matter comes before the Court on the Defendant's Motion for Summary Judgment (Doc. 44), the Plaintiff's Response (Doc. 46), and the Defendant's Reply (Doc. 47). The instant dispute involves an insurance payment for roof repairs.

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact and that movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the nonmoving party bears the burden of proof at trial, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the nonmoving party who fails to make

a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

The Plaintiff appears to have conceded the first three grounds for the Defendant's Motion for Summary Judgment. Accordingly, the only issue remaining is the amount that is due to the Plaintiff for the work performed on the insured's roof. Apparently, Nielson prepared two estimates for roof work and hired a subcontractor to perform that work. FIC made three payments: two for tarping, and one which included roof work. The Plaintiff's corporate representative's deposition testimony indicates that roof work was completed. The Plaintiff has only produced the following documentation of the roof work: (1) two checks from Neilson to Mixtega Rivera Construction LLC; (2) a March 20, 2020 invoice from Neilson with the language "Supplemental Remove 3 additional Layers of Underlayment Per Xactimate pricing;" (3) an invoice from Gutter King; (4) a permit issued by the town of Windermere; and (4) receipts for materials from Roofing Supply, for a total amount spent of $25,811.22, which is less than has already been paid by FIC. The Plaintiff claims that the actual cost was more, but it has not produced any evidence that could corroborate that claim. Estimates are not enough under the Policy language. Accordingly, there are no genuine issues of material fact and the Defendant is entitled to summary judgment.

Accordingly, the Defendant's Motion for Summary Judgment is **GRANTED** (Doc. 44). The clerk is **DIRECTED** to enter judgment in favor of the Defendant.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 29, 2020.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party