UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**NEILSON ENTERPRISES, INC. d/b/a
ORLANDO ROOFING a/a/o CHARBEL
& NORMA SAAB,**

        **Plaintiff,**

v.       Case No:   6:19-cv-875-Orl-31GJK

**FEDERAL INSURANCE COMPANY,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **FEDERAL INSURANCE COMPANY'S MOTION FOR ATTORNEY'S FEES (Doc. No. 51)** |
| **FILED:** | **August 11, 2020** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED.** | |

### I.   BACKGROUND

On May 8, 2019, Plaintiff's Complaint against Defendant was removed to this Court. Doc. No. 1.  Plaintiff filed suit against Defendant for breach of insurance contract related to damage to Charbel and Norma Saab's property as a result of Hurricane Irma.  Doc. No. 1-1.  On July 29, 2020, the Court granted Defendant's motion for summary judgment.  Doc. No. 48.  On July 30, 2020, the Court issued a final judgment in favor of Defendant.  Doc. No. 50.  On August 11, 2020, Defendant filed a Motion for Attorney's Fees (the "Motion").  Doc. No. 51.  Defendant

seeks an order finding Defendant is entitled to attorney's fees based on a proposal for settlement ("Proposal for Settlement") served on Plaintiff on July 16, 2019. *Id.* While Defendant provides an estimate of the attorney's fees incurred from the date of the Proposal for Settlement, $42,158.75, Defendant seeks leave to file additional evidentiary support for an award of reasonable attorney's fees separately. *Id.* Plaintiff filed no response to the Motion.

## II.  ANALYSIS

Defendant claims entitlement to attorney's fees based on the Proposal for Settlement it served on Plaintiff pursuant to Florida Rule of Civil Procedure 1.442 and section 768.79, Florida Statutes. Doc. No. 51-1. Because this is a diversity case, federal procedural law and state substantive law apply. *Houston Specialty Ins. Co. v. Vaughn*, 749 F. App'x 800, 801 (11th Cir. 2018) (citing *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996)). Section 768.79 is substantive law. *Travelers Indem. Co. v. Attorney's Title Ins. Fund, Inc.*, No. 2:13-cv-670, 2019 U.S. Dist. LEXIS 14748, at *6 (M.D. Fla. Jan. 14, 2019) (citing *Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1258 (11th Cir. 2011) (observing that some sections of Rule 1.442 are substantive as well). Further, as Plaintiff has filed no response to the Motion, the Court will treat the Motion as unopposed. *Foster v. The Coca-Cola Co.*, No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015); *Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014)[1] (citing *Kramer v. Gwinnett Cty., Ga.*, 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004); *Daisy, Inc. v. Polio Operations, Inc.*, No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed); *Brown v. Platinum Wrench Auto Repair, Inc.*, No. 8:10-cv-2168-T-33TGW,

---

[1] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

2012 WL 333803, at *1 (M.D. Fla. Feb. 1, 2012) (after party failed to respond, court treated motion for summary judgment as unopposed).

Section 768.79(1) provides that "if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees . . . if the judgment is one of no liability." To be valid, a proposal for settlement must: 1) be made in writing; 2) name the party making it and the party to whom it is made; 3) state with particularity the amount offered to settle a claim for punitive damages, if any; and 4) state its total amount. Fla. Stat. § 768.79(2)(a)-(d). The proposal for settlement must also comply with Florida Rule of Civil Procedure 1.442. *See Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 376-78 (Fla. 2013). Rule 1.442(c) requires that a proposal for settlement state with particularity any relevant conditions so that an offeree can make an informed decision. *Hill v. Allianz Life Ins. Co. of N. Am.*, No. 6:14-cv-950, 2018 U.S. Dist. LEXIS 131380, at *9-10 (M.D. Fla. Apr. 12, 2018) (citing *State Farm Mut. Auto. Ins. Co. v. Nichols*, 932 So. 2d 1067, 1079 (Fla. 2006)).

On July 16, 2019, Defendant served a written Proposal for Settlement on Plaintiff pursuant to Rule 1.442 and Section 768.79. Doc. No. 51-1 at 1. The Proposal for Settlement offers to resolve all damages claimed including attorney's fees, which are part of Plaintiff's legal claim, for $40,000 in exchange for Plaintiff's voluntary dismissal of this case with prejudice. *Id.* The Proposal for Settlement indicates that Plaintiff's claim does not include punitive damages, therefore no amount is offered for punitive damages. *Id.* The Court finds that the Proposal for Settlement complies with section 768.79 and Rule 1.442 and Defendant is entitled to attorney's fees.

### III. CONCLUSION

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 51) be **GRANTED as follows:**

1. The Court find that Defendant is entitled to reasonable attorney's fees incurred from July 16, 2019 based on the Proposal for Settlement; and

2. Defendant be directed to file a motion for an award of attorney's fees with supporting affidavits and billing records within **fourteen (14) days** of an order adopting this Report and Recommendation.

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on September 4, 2020.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties
Courtroom Deputy