UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**NEILSON ENTERPRISES, INC.
d/b/a ORLANDO ROOFING a/a/o
CHARBEL & NORMA SAAB,**

      **Plaintiff,**

v.                                       Case No:   6:19-cv-875-Orl-31GJK

**FEDERAL INSURANCE
COMPANY,**

      **Defendant.**

_____

**REPORT AND RECOMMENDATION**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** FEDERAL INSURANCE COMPANY'S MOTION FOR AWARD OF ATTORNEY'S FEES (Doc. No. 55)
>
> **FILED:** October 5, 2020
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED.**

## I.   BACKGROUND

On May 8, 2019, Plaintiff's Complaint against Defendant was removed to this Court.  Doc. No. 1.  Plaintiff filed suit against Defendant for breach of

insurance contract related to damage to Charbel and Norma Saab's property as a result of Hurricane Irma. Doc. No. 1-1. On July 29, 2020, the Court granted Defendant's motion for summary judgment. Doc. No. 48. On July 30, 2020, the Court issued a final judgment in favor of Defendant. Doc. No. 50. On August 11, 2020, Defendant filed a motion for attorney's fees ("Entitlement Motion") seeking an order finding Defendant was entitled to attorney's fees based on a proposal for settlement served on Plaintiff on July 16, 2019. Doc. No. 51. On September 4, 2020, the undersigned recommended granting the Entitlement Motion. Doc. No. 52. On September 21, 2020, the District Court issued an order adopting the Report and Recommendation and directing Defendant to file a motion for an award of attorney's fees within fourteen days. Doc. No. 54.

On October 5, 2020, Defendant filed a Motion for an Award of Attorney's Fees (the "Motion"). Doc. No. 55. Defendant seeks $34,959.46 in attorney's fees. *Id.* Defendant's counsel provides an affidavit attesting to the reasonableness of the hourly rates and the hours billed. Doc. No. 55-2. No response was filed.

## II.  **ANALYSIS**

While Plaintiff indicated to Defendant that it would oppose the Motion, no response was filed. Doc. No. 55. Accordingly, the Motion will be treated as unopposed. *Foster v. The Coca-Cola Co.*, No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015); *Jones v. Bank of Am., N.A.*, 564 F. App'x 432,

434 (11th Cir. 2014)[1] (citing *Kramer v. Gwinnett Cty., Ga.*, 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004); *Daisy, Inc. v. Polio Operations, Inc.*, No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed); *Brown v. Platinum Wrench Auto Repair, Inc.*, No. 8:10-cv-2168-T-33TGW, 2012 WL 333803, at *1 (M.D. Fla. Feb. 1, 2012) (after party failed to respond, court treated motion for summary judgment as unopposed).

"The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)); *see Fla. Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985) (Florida courts have also adopted this approach). The party moving for fees has the burden of establishing that the hourly rate and hours expended are reasonable. *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). "In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir.

---

[1] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

2008). The *Johnson* factors are the following: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.[2]

"[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (quotations and citation omitted). In determining if the requested rate is reasonable, the Court may consider the applicable *Johnson* factors and may rely on its own knowledge and experience. *Norman*, 836 F.2d at 1299-1300, 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

to value."). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates," which must be more than just "the affidavit of the attorney performing the work." *Id.* at 1299 (citations omitted). Instead, satisfactory evidence generally includes evidence of the rates charged by lawyers in similar circumstances or opinion evidence of reasonable rates. *Id.*

As for the hours reasonably expended, counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. In demonstrating that their hours are reasonable, counsel "should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quotations omitted).

    1. *Reasonable Hourly Rate.*

Defendant claims the following hourly rates for the three attorneys, one law clerk, and one paralegal who worked on this case: 1) John V. Garaffa $255; 2)

Yoniece M. Dixon $215; 3) Joycelyne Moimeme $185; 4) law clerk Liandra Izquierdo $100; and 5) paralegal Kim D. Bruce $100.  Doc. No. 55 at 3-4.

Mr. Garaffa was admitted to practice in 2002.  Doc. No. 55-2 at 3.  He has extensive experience litigating insurance disputes in state and federal court, and he is a partner at Butler Weihmuller Katz & Craig, LLP (the "Firm").  *Id.*  Ms. Dixon is of counsel to the Firm and was admitted to practice in 1991.  *Id.*  She has extensive experience litigating and handling appeals.  *Id.*  Ms. Moimeme was admitted to practice in 2016 and is an associate at the Firm.  *Id.* at 4. Ms. Izquierda has been a law clerk at the Firm since 2019 and Ms. Bruce has 32 experience as a paralegal, and has worked for the Firm for nine years.  *Id.*  The Court finds that the rates for Mr. Garaffa, Ms. Dixon, Ms. Moimeme, Ms. Izquierda, and Ms. Bruce are reasonable.

        2.     *Reasonableness of Hours.*

Mr. Garaffa states he exercised billing judgment as appropriate.  Doc. Nos. 55 at 4; 55-2 at 4.  Also, the hours which were expended regarding the amount of attorney's fees to be awarded have been excluded from the requested amount of attorney's fees.  Doc. No. 55 at 5-7.  Based upon the Court's review of the time entries, the Court finds that the hours expended by Defendant's counsel and the paralegal staff are reasonable.  Doc. No. 55-2 at 6-41.

### III.   CONCLUSION

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 55) be **GRANTED** and the Court award Defendant $34,959.46 in attorney's fees against Plaintiff.

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on December 21, 2020.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties
Courtroom Deputy